**Floyd E. WARD, Plaintiff,**

**v.**

**The FIRESTONE TIRE & RUBBER CO., Local 186, United Rubber, Cork, Linoleum and Plastic Workers of America, AFL–CIO, and International Union of Rubber, Cork, Linoleum and Plastic Workers of America, AFL–CIO, Defendants,**

**United States Equal Employment Opportunity Commission, Intervenor.**

**Civ. No. C–66–129.**

United States District Court
W. D. Tennessee, W. D.

Oct. 14, 1966.

Anthony J. Sabella, Memphis, Tenn., for plaintiff.

John S. Montedonico, Memphis, Tenn., for Firestone.

Donald R. Wellford, Memphis, Tenn., for Unions.

Louis R. Lucas, Dept. of Justice, Washington, D. C., for United States Equal Employment Opportunity Commission.

BAILEY BROWN, Chief Judge.

### MEMORANDUM DECISION

This is an action filed by Floyd E. Ward against Firestone Tire & Rubber Co. and Local 186 and the International, United Rubber, Cork, Linoleum & Plastic Workers of America, AFL–CIO, under the Civil Rights Act of 1964, and more particularly the equal opportunities provisions (42 U.S.C.A. Sec. 2000e et seq.) Plaintiff, a white male, alleges that he has been deprived of an employment opportunity because of his male sex. The defendants have asserted, among other defenses, a statute of limitations defense, and the Equal Employment Opportunities Commission has been allowed to intervene as to this issue alone.

With respect to the statute of limitations defense, it appears that plaintiff filed this action within thirty days after notification by the Commission of its inability to obtain voluntary compliance but more than ninety days after plaintiff filed his complaint with the Commission. Defendants contend that 42 U.S.C.A. Sec. 2000e–5(e) should be construed so as to bar this action. Since it is not necessary to our decision here, we will not decide this question. However, by way of comment we point out that the result contended for by defendants would be anomalous in that plaintiff would in a sense be penalized because of the failure of the Commission to perform its statutory duties within the time allowed. Moreover, the statute allows the action to be filed within thirty days after "the Commission shall so notify the person aggrieved," which would indicate that the thirty-day period would begin to run with such notice.

The defendant International has asserted as a separate defense the fact that it was not named in the complaint filed by plaintiff with the Commission. Again, it is not necessary to our decision to decide this question, and we do not do so. However, we point out that if the decision is correct in Hall v. Werthan Bag Corp., 251 F.Supp. 184 (M.D. Tenn.1966), this is not a valid defense, for there it was held that the filing of a complaint with the Commission is not a condition precedent to the right to file an action in court.

Plaintiff relies on 42 U.S.C.A. Sec. 2000e–2(a) (1) and (2), which read as follows:

"(a) It shall be an unlawful employment practice for an employer—

(1) to fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin; or

(2) to limit, segregate, or classify his employees in any way which would deprive or tend to deprive any individual of employment opportunities or otherwise adversely affect his status as an employee, because of such individual's race, color, religion, sex, or national origin."

Plaintiff, who has been an employee in the Firestone plant at Memphis for twenty-eight years and is a member of the defendant Local and International, sought a transfer from his job as a bias machine operator, which he has held for fifteen years, to that of a band builder helper. His request was denied by Firestone, and the Local and International refused to process a grievance, on the ground that, under the agreement between the Local and Firestone, plaintiff had no right to the transfer. Under this agreement the job which plaintiff sought was earmarked as a "light work" job for women and for men who had physical defects. Plaintiff contends that he desired the job (1) because he could make more money and (2) because the requested job would not, as did his present job, irritate his weak back by requiring turning his body at the waist. It is undisputed that the job plaintiff sought was of a lower classification. Defendants contend that he would make less money, and that, while it had been categorized as light work, it would actually require more turning and stooping. (While testifying that he had a weak back due to an operation, plaintiff had refused to have a physical examination when he requested this change of jobs.) Defendants therefore contend that plaintiff has not been discriminated against within the meaning of Sec. 2000e–2(a) (1) and (2), because he would not in fact receive the tangible benefits that he claims he seeks. We find that defendants are correct as to their above-stated factual contention and conclude that, this being so, there is no factual basis for a conclusion that plaintiff has been discriminated against within the meaning of these statutory provisions.

Further, as defendants correctly contend, even if plaintiff had shown that the job he sought would actually bring to him the tangible benefits that he desired, still he would not be entitled to relief if it can be shown, pursuant to Sec. 2000e–2(e), that the earmarking of this job for women (and men with physical disability) had a bona fide relation to occupational qualification and reasonably necessary to normal operation of this business and that the defendants were bona fide in the administration of this program. Here it appears that certain jobs in the plant, including the one plaintiff sought, had for several years been reserved for women and, upon the advent of the Act, also for physically restricted men. We find as a fact that physically restricted men are given such jobs. We further find as a fact that, in reserving certain jobs for women and restricted men, Firestone and the Local were bona fide in the sense that they acted with honest purpose and acted within reason in their effort to accomplish the end that is expressly recognized as legitimate by Sec. 2000e–2(e) (2) of the Act. Therefore, because of this specific exception in the Act, plaintiff cannot properly claim discrimination when he was not allowed to exercise his seniority to "bump" a woman in this light work category.

We therefore hold that plaintiff is not entitled to relief, but we deny the application of defendants for attorneys' fees.

A judgment will be prepared by counsel for entry.