Bertha E. ANTONOPULOS, Inez M. Beach, Vivian Thacker Goldsmith, Vera C. Greer, Lucille Ida Johnson, and Elsie A. Roberts, Plaintiffs,

v.

AEROJET-GENERAL CORPORATION, a corporation, and Does I through X, Defendants.

Civ. No. S-588.

United States District Court
E. D. California.

Oct. 28, 1968.

Munger, Tolles, Hills & Rickershauser, Los Angeles, Cal., Fitzwilliam, Memering, Stumbos & DeMers, Sacramento, Cal., James N. Ebright, El Monte, Cal., for Aerojet-General Corp.

Files & McMurchie, Sacramento, Cal., for plaintiffs.

### AMENDED MEMORANDUM AND ORDER

MacBRIDE, Chief Judge.

This Memorandum and Order amends the Memorandum and Order filed in this matter on October 28, 1968.

This is an action for injunctions and money damages brought under the Civil Rights Act of 1964, 42 U.S.C.A. §§ 2000e–2 & 2000e–5. Each of the six plaintiffs has alleged that defendant discharged her from her job as a janitor solely because she was a female.

Defendant has made a motion for dismissal for failure to state a claim under Rule 12(b) (6) of the Federal Rules of Civil Procedure. Rule 12(b) provides that if on such a motion

matters outside the pleadings are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56, and all parties shall be given reasonable opportunity to present all material made pertinent to such a motion by Rule 56.

Both sides have submitted both affidavits and exhibits in support of their positions. Because of the importance of these materials in deciding the legal questions involved, I shall consider them and treat the motion as one for summary judgment.[1]

The pertinent facts are as follows. Plaintiffs Antonopulos, Goldsmith, Greer, Johnson and Roberts were discharged from their jobs by defendant on July 26, 1965. On February 8, 1966, plaintiff Goldsmith (maiden name Thacker) filed a charge of discrimination with the Equal Employment Opportunity Commission (EEOC). She indicated in her charge the names of the other four above-mentioned plaintiffs, but they did not file individual charges nor were they named as co-charging parties. On March 7, 1967, the EEOC filed a decision that reasonable cause existed to believe defendant's actions with respect to Goldsmith and other females similarly situated were in violation of the Civil Rights Act of 1964. Although plaintiffs Greer and Johnson were reinstated to their positions on August 15, 1967, and October 2, 1967, ostensibly as a result of EEOC efforts, the complaint alleges that on November 5, 1967, the EEOC notified each of the five above-mentioned plaintiffs that conciliation efforts had failed[2] and that under law they had 30 days to institute an action in this court. Such an action was jointly filed by all five on December 4, 1967.

Plaintiff Beach was discharged by defendant on September 9, 1966. She filed a charge with the EEOC on October 5, 1966. On July 26, 1967, the EEOC filed a decision that reasonable cause existed to believe defendant's actions with respect to Beach were in violation of the Civil Rights Act of 1964. On August 15, 1967, plaintiff Beach was reinstated to her former position. On November 5, 1967, the same date that the others were notified, Beach was also notified by the EEOC that further conciliation had failed and that she had 30 days to institute suit. She joined in this suit filed on December 4, 1967, seeking along with Greer and Johnson back pay for the period of the layoff and retirement benefit credit. It does not appear that the other three plaintiffs have returned to work, and they seek higher amounts of damages and injunctions requiring reinstatement.

Defendant's motion to dismiss is based on three[3] alleged irregularities in procedure: 1.) Some plaintiffs did not individually file charges under oath with the EEOC; 2.) Some plaintiffs did not file charges with the EEOC within 90 days of the alleged unlawful practice; and 3.) No plaintiff brought this suit within 90 days of the filing of her charge (if any) with the EEOC. Thus, defendant's claim is that all legal prerequisites for this suit have not been met, and it must be dismissed. Plaintiffs assert full compliance with the legal prerequisites.

Plaintiffs Antonopulos, Greer, Johnson and Roberts did not individually and separately file charges against the defendant with the EEOC. Defendant contends that this fact precludes them from

---

1. In recent cases the Ninth Circuit has reversed for failure to give the opposing party opportunity to file counter-material when the court treats a motion to dismiss as one for summary judgment. Costen v. Pauline's Sportswear, Inc., 391 F.2d 81 (9th Cir. 1968); Erlich v. Glasner, 374 F.2d 681 (9th Cir. 1967). Here both parties have submitted ample additional matter as though this were a motion for summary judgment. The Rule has been satisfied, and no purpose would be served by delaying decision to give further opportunity to submit affidavits.

2. Back pay and retirement benefits were also grievances involved in the conciliation effort.

3. Not all apply to each plaintiff.

maintaining this action. The relevant portion of the statute reads:

If within thirty days after a charge is filed with the Commission * * * the Commission has been unable to obtain voluntary compliance * * * a civil action may * * * be brought against the respondent named in the charge * * * by the person claiming to be aggrieved * * *. (42 U.S. C.A. § 2000e–5(e))

■ In determining the question of whether each plaintiff must file a separate charge, ascertainment of the purpose and role of the EEOC is essential. Several courts have examined the legislative history on this point. Their conclusions are as follows:

It seems clear, therefore, that the requirement of resort to the Commission was designed to give a discriminator opportunity to respond to persuasion rather than coercion, to soft words rather than the big stick of injunction; that the requirement was not designed to serve as a screen to prevent frivolous complaints from reaching the courts. Hall v. Werthan Bag Corporation, 251 F.Supp. 184, 188 (M.D. Tenn.1966).

The Congressional desire for Commission conciliation cannot be underemphasized.

[T]he legislative history establishes conclusively and beyond doubt that Congress intended that conciliation be preferred to coercion and that the conciliation step would be a prerequisite to the institution of a civil action under this title.

From the outset and continuously throughout the legislative process which produced this statute, emphasis was placed on the conciliation step and on the fact that enforcement proceedings would not be initiated without an effort having been made to resolve the matter through conciliation.

At an early day in this legislative history, the Report of the House Education and Labor Committee on the bill providing for adjudication by the Commission stated that 'It is the intent of the Committee that maximum efforts be concentrated on informal and voluntary methods of eliminating unlawful employment practices before commencing formal procedures' and that 'Formal proceedings leading toward an order of the Commission should be pursued only when informal methods fail or appear futile.'

The bill reported by the House Judiciary Committee, providing for adjudication by the district courts, was explained in equally emphatic terms as requiring conciliation before the institution of the civil action. [footnotes omitted] Dent v. St. Louis-San Francisco Railway Company, 265 F.Supp. 56, 58–59 (N.D.Ala.1967).

It is clear, therefore, that the conciliation step may not be bypassed. What is not clear is the precise formula of events which must transpire before an aggrieved person may bring suit in federal court. There are a number of possibilities. First as to form of complaint: (1) prospective plaintiffs must file individual charges in their own names before the Commission; (2) they may file a charge in the form of a class action; or (3), as here, there may be only one charge which specifically names all aggrieved persons. Second as to Commission action: (1) the Commission must actually make conciliatory efforts, or (2) the Commission need only have the opportunity to conciliate, whether or not it has the manpower or inclination to undertake actual conciliation.

■■ I have concluded that where, as here, someone has filed a charge with the EEOC containing the names of other persons similarly aggrieved, it is not necessary that those persons named file separate charges as a prerequisite to bringing a civil suit. There are few reported cases in this area, and none cited by the parties or discovered by me is precisely in point. Plaintiffs cite cases holding that class actions for an *injunction* were allowed where each member of the class had not filed separate charges. Moody v. Albemarle Paper Company, 271 F.Supp. 27 (E.D.N.C.1967); Hall v. Werthan

**1394**

Bag Corp., 251 F.Supp. 184 (M.D.Tenn. 1966). Defendant cites cases holding that individual actions for reinstatement and back pay cannot be maintained by persons not filing a charge with the EEOC. Bowe v. Colgate-Palmolive Company, 272 F.Supp. 332 (S.D.Ind.1967); Hall v. Werthan Bag Corp., supra. While this suit is one for reinstatement and back pay, it is distinguishable from those cited by defendant. The cases cited by defendant were true class actions and there was no indication in them that the Commission had ever been informed of all the aggrieved persons' identities. This case is not a true class action but a hybrid. All plaintiffs did not individually file charges with the Commission, but the charge that was filed by one listed the other aggrieved persons by name. The Commission framed its decision in class action language,[4] but they were not dealing with the usual large, amorphous group. The employees who concerned them were limited in number and individually identified in the Commission's records. Plaintiffs here have never behaved as in the typical class action, the present suit was not brought as a class action, and the plaintiffs should not be penalized because the Commission worded its findings in class action language.

■ While defendant has not raised the issue of what Commission conciliation was actually undertaken for plaintiffs not filing separate charges, I hold that the Commission had the *opportunity* to conciliate on their behalf and whether it actually acted during the statutory period for conciliation (42 U.S.C.A. § 2000e–5(e), discussed infra) is irrelevant to their standing to bring suit. Cf. Johnson v. Seaboard Air Line R. R. Co.,

405 F.2d 645 (4th Cir., October 29, 1968). My holding applies only to hybrid actions where one charge is filed before the EEOC listing the names of all aggrieved persons. Decision as to true class actions—where the class is described other than by naming each member of the class —is reserved.

Summary judgment, therefore, cannot be granted on the ground that each plaintiff did not individually file charges with the EEOC.[5]

Defendant next contends that the charge filed by plaintiff Goldsmith (referring also to plaintiffs Antonopulos, Greer, Johnson and Roberts) was not filed with the EEOC until six and one half months after the alleged unlawful practice occurred. Defendant argues that the suit must be dismissed as to them since the statute gives a person only ninety days to file the charge. It reads as follows:

> A charge under subsection (a) of this section shall be filed within ninety days after the alleged unlawful employment practice occurred * * *. (42 U.S.C.A. § 2000e–5(d))

The parties have cited no cases on this question and as far as I have been able to determine, it is a matter of first impression. In order to dismiss on this ground I would have to hold that, as a matter of law, any person not filing a charge with the Commission within ninety days of an unlawful employment practice has forever lost his right of action for that unlawful practice regardless of the circumstances. This I will not do.

■ Plaintiffs have made several explanations to justify their delay. They argue that they filed within two weeks of the time they first discovered that they

4. The decision of the Commission filed on March 7, 1967, listed Thacker (Goldsmith) as the charging party but recognized that there were five others similarly situated who had been named by Miss Thacker. The decision clearly applied to all.

5. Defendant has made a point of the fact that each plaintiff did not file charges "under oath" as the statute requires.

This does not in itself require dismissal. A prior resort to the Commission "was not designed to serve as a screen to prevent frivolous complaints from reaching the courts." Hall v. Werthan Bag Corporation, 251 F.Supp. 184, 188 (M.D. Tenn.1966). A charge under oath cannot therefore be considered absolutely essential. The Commission did not consider it so.

were discharged for an unlawful reason. They have also raised an innuendo of deceit by the defendant and their labor union. There are issues of fact as to whether plaintiffs could reasonably have known that their discharge was unlawful within the ninety-day period and whether defendant's deceit, if any, should estop it from raising this issue.

We are not dealing with businessmen-plaintiffs or plaintiffs accustomed to consulting lawyers about their rights. This law is a remedial one, and the Congressional purpose would not be furthered by making plaintiffs of the kind with which we are concerned, members of the working class who are generally without substantial higher education, dot every "i" and cross every "t" on their way to the courthouse. This is especially true where, as here, there may be extenuating circumstances.

■■ There is nothing in the statute to indicate that this provision was not intended to be directory rather than mandatory. "Whether the language of a statute is imperative or merely permissive [or directory] depends on the intention as disclosed in the nature of the act * * *." Ballou v. Kemp, 68 App. D.C. 7, 92 F.2d 556, 559 (1937). "[T]he intent of the act controls, and when the spirit and purpose of the act require the word 'shall' to be construed as permissive [or directory] it will be done." Ballou v. Kemp, supra at 559.[6] It should be noted that I am construing the word "shall" in a less than permissive sense, i. e., in a directory sense. That is, plaintiff must show extenuating circumstances in order to avoid the requirement.

■ Defendant cites a directive by the General Counsel of the Commission indicating that "[A] charge alleging a

discriminatory layoff must be filed within 90 days of the layoff * * *." Both this directive and the statute apply to action by the Commission as well as action by this court. It is important to note in this regard that the Commission acted with respect to this charge, filed six and one half months after the occurrence, just as though it had been filed within ninety days.[7] In fact, the irregularity was not even noted in its report. I therefore hold that filing a charge with the EEOC within ninety days of a discriminatory layoff is not an absolute prerequisite to filing suit based on that layoff where there are extenuating circumstances justifying the delay in filing the charge. Whether the circumstances of this case will be sufficient to justify the late filing of the charge is a question of fact which remains to be determined.

■ Defendant's final ground for dismissal is similar to the second. Its claim is that the statute requires suit to be brought not later than ninety days from the filing of the charge with the EEOC. None of the plaintiffs filed suit within that period; therefore, argues defendant, their suit must be dismissed.

The statute reads as follows:

If within thirty days after a charge is filed with the Commission * * * (except that * * * such period may be extended to not more than sixty days upon a determination by the Commission that further efforts to secure voluntary compliance are warranted), the Commission has been unable to obtain voluntary compliance with this subchapter, the Commission shall so notify the person aggrieved and a civil action may, within thirty days thereafter, be brought against the respondent named in the charge * * * by

---

6. See also Winston Co. v. Vaughan, 11 F.Supp. 954, 960 (W.D.Okl.1935). Other cases are collected in 50 Am.Jur. Statutes § 32 (1944). For an example of the word "shall" in a different subsection of the same statute construed as directory in a slightly different context, see Dent v. St. Louis-San Francisco Rail-

way Company, 265 F.Supp. 56, 58 (N.D. Ala.1967).

7. Plaintiffs have argued that since defendant did not object about the delay to the Commission, it has waived any defect. I need not decide this question now, but an objection then would certainly have been more appropriate.

the person claiming to be aggrieved * * *. (42 U.S.C.A. § 2000e–5(e)) This subsection has a twofold purpose. First, it ensures that suit will not be brought before the Commission has a chance to conciliate. Second, it ensures that the plaintiff will not be precluded from suit by inaction on the part of the Commission. Defendant argues that it is also intended to prevent stale claims. That argument is without merit. Once a charge has been filed with the Commission, it is immediately forwarded to the respondent named in the charge (the defendant), and defendant is not prejudiced by a longer period of Commission conciliation.

Several courts have held that the proper interpretation of this subsection is that plaintiffs are required to bring suit within thirty days of notice from the Commission of failure of conciliation, regardless of the delay before such notice is given.[8] Mondy v. Crown Zellerbach Corporation, 271 F.Supp. 258 (E.D.La.1967); Dent v. St. Louis-San Francisco Railway Company, 265 F. Supp. 56 (N.D.Ala.1967). Plaintiffs in this case submitted their grievance to the Commission. They patiently waited while the Commission ostensibly attempted conciliation. The conciliation period extended longer than the minimum time allotted by statute. When the Commission informed them that conciliation had failed, they brought their suit within the thirty days specified by the Commission. They could have brought suit much earlier, and they should not be penalized now for giving the Commission extra time to attempt a voluntary settlement. That would be directly contrary to the Congressional emphasis on conciliation. Furthermore, "the result contended for by * * * [defendant] * * * would be anomalous in that plaintiff[s] would in a sense be penalized because of the failure of the Commission to perform its statutory duties within the time

allowed." Ward v. Firestone Tire and Rubber Co., 260 F.Supp. 579, 580 (W.D. Tenn.1966). Defendants are not in any way harmed by this construction since they are informed of the dispute when the charge is filed, and conciliation is imposed for their benefit.

It is therefore ordered that defendant Aerojet-General Corporation's motion to dismiss the complaint be, and the same is, hereby denied.

---

8. Defendant has cited several contrary unreported cases, one from the Central District of California. Neither is controlling on this court. I prefer the reasoning of *Mondy*, *Dent*, and *Ward*, infra.