**Mary BRET, Doris Humeny, Jean Logan, Elaine Molera and Edythe Stubler, Plaintiffs**

v.

**The MOUNTAIN STATES TELEPHONE AND TELEGRAPH COMPANY, a corporation, Defendant.**

**Civ. No. 75–282 TUC ACM.**

United States District Court, D. Arizona.

Dec. 16, 1980.

---

John P. Lyons, Stompoly & Even, Tucson, Ariz., for plaintiffs.

Ruth V. McGregor, Fennemore, Craig, Von Ammon & Udall, Phoenix, Ariz., for defendant.

## ORDER

MARQUEZ, District Judge.

This is a sex discrimination in employment case under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq. The court has jurisdiction pursuant to 28 U.S.C. § 1343 and 42 U.S.C. § 2000e–5(f)(3). Before the court presently is defendant's motion for summary judgment against four of the five plaintiffs.[1] For the reasons set forth below, defendant's motion is denied.

On May 4, 1973, plaintiff L. Jean Logan filed a charge of employment discrimination with the Equal Employment Opportunity Commission (EEOC) against defendant Mountain States Telephone and Telegraph (Mountain States). In her charge Logan alleged continuing sex discrimination as well as specific instances of discrimination and stated "[T]he company discriminates against me and other female employees * * *". In an affidavit drafted by the EEOC and signed by Logan the same day as and in support of her charge of employment discrimination, Logan states "[O]ther female 'supervisors' are victims of this discrimination also. Their names are * * ". At this point 11 individuals are named by Logan including her co–plaintiffs in this action. Whether Logan had authority to file a charge on behalf of these plaintiffs is unclear from the depositions before the court.

Mountain States was notified of Logan's charge of employment discrimination via EEOC Form 131 "Notice of Charge of Discrimination", dated May 11, 1973. This

---

1. Defendant's Motion for Summary Judgment is addressed to plaintiffs Mary Bret, Doris Hu-  meny, Elaine Molera and Edyth Stubler. Plaintiff Jean Logan is unaffected by this motion.

form indicates that a charge of employment discrimination was filed by "Jean L. Logan" [sic]. In the upper right hand corner of Form 131 an "X" has been placed beside the statement "This person * * * claims to be aggrieved." No mark has been placed beside the statement, also appearing on Form 131, "This person * * * is filing on behalf of a person claimed to be aggrieved." The above–mentioned affidavit filed by Logan with her charge of discrimination was not sent to Mountain States. However, the EEOC officer responsible for handling Logan's complaint, Mr. William Ryan, testified at deposition that at some point before the commencement of this action Mountain States became aware of what Ryan termed the "class action nature" of Logan's charge. It is unclear on the present record precisely when Mountain States became aware of the scope of Logan's charge but conciliation measures were only undertaken on behalf of Jean Logan.

Sometime after Logan's charge was filed with the EEOC plaintiff Mary Bret and another plaintiff whose name Ryan did not recall contacted Ryan regarding Logan's charge. Ryan informed these women, according to his statements at deposition, that additional charges need not be filed with the EEOC against Mountain States insofar as those charges would be similar to Logan's. Ryan, a non–lawyer, explained to these women that EEOC policy was to treat a complaint such as Logan's as a "class

action" and that any additional complaints by Bret or her colleagues would be "redundant". Ryan told Bret and her colleagues that they were "covered" by Logan's complaint. Relying on these representations neither Bret, Stubler, Humeny nor Molera ever filed a formal charge of employment discrimination against Mountain States with the EEOC. Consequently, Jean Logan is the only plaintiff who received the right to sue letter from the EEOC.

■ These facts require the court to decide whether these four plaintiffs may rely upon the charge of employment discrimination timely filed with the EEOC by Jean Logan. By its terms Title VII requires that a charge of employment discrimination be timely filed with the Commission "by or on behalf of a person claiming to be aggrieved * * *". 42 U.S.C. § 2000e–5(b).

Defendant argues that because these plaintiffs did not file individual charges of employment discrimination with the EEOC they have failed to meet specific jurisdictional[2] requirements and thus defendant is entitled to summary judgment. Defendant relies, primarily, upon *Inda v. United Airlines, Inc.*, 565 F.2d 554 (9th Cir. 1977), cert. denied 435 U.S. 1007, 98 S.Ct. 1877, 56 L.Ed.2d 388 (1978), in support of its position.

That portion of the *Inda* decision relied upon here by defendant was most con-

2. Whether the procedural prerequisites of Title VII are "jurisdictional" in the strict sense or more akin to statutes of limitations and thus subject to equitable considerations was not directly addressed by counsel. The court notes, however, that the debate in this area is long standing and mostly unfruitful. The Supreme Court has variously referred to Title 7 requirements as "jurisdictional" and "pre–requisites" more analogous to statutes of limitations. *Compare International Union of Electrical Workers v. Robbins & Meyers*, 429 U.S. 229, 240, 97 S.Ct. 441, 448, 50 L.Ed.2d 427 (1976); and *Alexander v. Gardner–Denver Company*, 415 U.S. 36, 47, 94 S.Ct. 1011, 1019, 39 L.Ed.2d 147 (1974) (referring to time periods as "jurisdictional prerequisites") *with United Airlines Inc. v. McDonald*, 432 U.S. 385, 392 n.11, 97 S.Ct. 2464, 2468 n.11, 53 L.Ed.2d 423 (1977), and *Occidental Life Ins. v. EEOC*, 432 U.S. 355,

371–72, 97 S.Ct. 2447, 2457, 53 L.Ed.2d 402 (1977). *Cf. United Airlines v. Evans*, 431 U.S. 553, 555 n.4, 97 S.Ct. 1885, 1887 n.4, 52 L.Ed.2d 571 (1977). The Ninth Circuit has engaged in similar discourse. *See Cooper v. Bell*, 628 F.2d 1208, 1213 (9th Cir. 1980), *Kirk v. Rockwell International Corporation*, 578 F.2d 814 (9th Cir. 1978), cert. denied 439 U.S. 1004, 99 S.Ct. 616, 58 L.Ed.2d 680 (1978); *Mahroom v. Hook*, 563 F.2d 1369 (9th Cir. 1977), cert. denied 436 U.S. 904, 98 S.Ct. 2234, 56 L.Ed.2d 402 (1978); *Davis v. Valley Distributing Co.*, 522 F.2d 827 (9th Cir. 1975), cert. denied 429 U.S. 1090, 97 S.Ct. 1099, 51 L.Ed.2d 535 (1977); and *Equal Employment Opportunity Commission v. Wah Chang Albany Corp.*, 499 F.2d 187, 190 (9th Cir. 1974).

Because of the conclusions reached herein, it is presently unnecessary to enter this morass.

cerned with whether the filing of an employment discrimination charge by one employee excused another employee from filing a charge where both employees were allegedly aggrieved by the same discriminatory acts. 565 F.2d at 558–559. The Ninth Circuit held, among other things, that before one may file a lawsuit alleging a violation of Title VII, he must first have secured a right to sue by timely following the procedures established by Title VII. 565 F.2d at 559.

Substantial factual differences distinguish this case from *Inda* and therefore *Inda* does not control here. First, the *Inda* plaintiffs were not named in the employment discrimination charge upon which they attempted to rely. Here, as mentioned above, Logan's charge of discrimination referred to "other female employees" who were also victims of the alleged discrimination. Additionally, plaintiffs Bret, Humeny, Stubler, and Molera, were all named in the affidavit of Jean Logan filed in support of her charge of discrimination. This latter fact is sufficient to secure the Title VII rights of these plaintiffs. *Eichman v. Indiana State University Board of Trustees*, 597 F.2d 1104, 1108 (7th Cir. 1979) (plaintiffs named in "Complaint" filed with EEOC but not filing individual charges complied with jurisdictional prerequisites of Title VII) and *Antonopulos v. Aerojet–General Corp.*, 295 F.Supp. 1390, 1392–93 (E.D.Calif.1968) (summary judgment denied defendant where plaintiffs had not filed individual charges with the EEOC but were named in a charge filed by another.) For it is the substance of the charge of employment discrimination, not its label, which is crucial to Title VII actions. *Waters v. Heublein, Inc.*, 547 F.2d 466, 468 (9th Cir. 1976) cert. denied, 433 U.S. 915, 97 S.Ct. 2988, 53 L.Ed.2d 1100 (1977).

The second substantial difference between this case and *Inda* is that these plaintiffs relied upon seemingly authoritative statements by the agency charged by Congress with the responsibility of administering Title VII claims and presumably most knowledgeable in these matters. The EEOC's Mr. Ryan informed these women, non-lawyers all, that they were "covered" by the "class action" nature of Logan's charge and that filing additional charges would be redundant. In the face of such remarks it would be neither reasonable nor consistent with the policy which animates Title VII, *Alexander v. Gardner–Denver Company*, 415 U.S. 36, 44, 94 S.Ct. 1011, 1017, 39 L.Ed.2d 147 (1974), to hold that these laymen are required by law to file additional, individual charges of employment discrimination nevertheless. For where, as here, a claimant has been misled by the agency responsible for administering the Civil Rights Act of 1964 or an agency has improperly processed a claimant's employment discrimination charge, the courts have held that the errors of the agency do not redound to the detriment of Title VII claimants. *Cooper v. Bell*, 628 F.2d 1208 (9th Cir. 1980); *White v. Dallas Independent School District*, 581 F.2d 556, 562–63 (5th Cir. 1979); *Ramirez v. National Distillers and Chemical Corp.*, 586 F.2d 1315, 1320 (9th Cir. 1978); *Gates v. Georgia–Pacific Corp.*, 492 F.2d 292, 295 (9th Cir. 1974); *Pacific Maritime Association v. Quinn*, 465 F.2d 108 (9th Cir. 1972), the court is unpersuaded that a different result is required here absent a showing of specific prejudice to the defendant.[3]

**3.** In oral argument defense counsel maintained that the "essence of Title VII is conciliation". From this premise defendant argues that it has been prejudiced by having to defend this lawsuit, a detriment it may not have incurred if conciliation efforts had been made on behalf of all plaintiffs. But if Ryan's statements to these plaintiffs were correct, the Commission would have had the opportunity to conciliate which is all that Title VII requires. *Dartt v. Shell Oil Company*, 539 F.2d 1256 (10th Cir. 1976) affirmed by an equally divided Court, 434 U.S. 99, 98 S.Ct. 600, 54 L.Ed.2d 270 (1977) and *Antonopulos v. Aerojet–General Corp.*, 295 F.Supp. 1390 (E.D.Calif.1968).