**Mrs. Effie McQUEEN**

v.

**E. M. C. PLASTIC COMPANY.**

**Civ. A. No. 1838.**

United States District Court
E. D. Texas,
Sherman Division.
June 4, 1969.

C. B. Bunkley, Jr., Dallas, Tex., for plaintiff.

George W. Hart, Atlanta, Ga., Paul Brown, Sherman, Tex., for defendant.

## MEMORANDUM OPINION

JUSTICE, District Judge.

This is a suit in which the plaintiff, a negro woman, seeks injunctive relief and damages against the defendant, E.M.C. Plastic Company of Denton County, Texas, for alleged violations of her civil rights under Title VII of the Civil Rights Act of 1964, as amended, Title 42, U.S.C. § 2000e et seq.[1]. Specifically, she alleges that the defendant unlawfully discriminated against her in its hiring practices by reason of both her race and her sex.

On October 14, 1965, plaintiff filed a charge with the Equal Employment Opportunity Commission,[2] wherein she asserted that defendant employed no negro females. After investigation of the charge, the EEOC, in a decision dated August 10, 1966, found reasonable cause to believe that defendant was in violation of Section 703(a) of the Act, Title 42, U.S.C. § 2000e–2(a), which, *inter alia*, prohibits limitation of employment opportunities because of race or sex.

In a letter dated August 18, 1966, the EEOC notified plaintiff of its inability to obtain from defendant voluntary compliance with the Act, and of her right to bring an action against the defendant in the appropriate federal district court within thirty days of the receipt of the letter. In addition, the letter advised plaintiff of her right to make application to the court for the appointment of counsel, as authorized by Title 42, U.S.C. § 2000e–5(e). The letter was received by plaintiff on August 23, 1966. On September 13, 1966, the plaintiff appeared at the office of the United States District Clerk at Sherman, Texas, and informed the Deputy United States District Clerk of her desire to institute suit in the United States District Court and to secure appointment of an attorney to represent her. At the same time, the plaintiff executed an affidavit attesting that, because of her poverty, she was unable to pay the costs of the action or to give security therefor.

The Honorable Joe W. Sheehy, then Chief United States District Judge for the Eastern District of Texas, appointed an attorney practicing in Sherman, Texas, as counsel for the plaintiff. The attorney was notified of the appointment in a letter dated September 29, 1966. The letter contains the following language:

"If, after you have looked into this matter, you feel that Mrs. McQueen has a justifiable claim, Mrs. McQueen will be authorized to institute the action without the payment of costs."

The plaintiff promptly met with her appointed attorney. At the time, her attorney's wife was in a terminal condition from cancer, which caused a disruption in his practice and rendered it impossible for him to conduct his legal affairs in the usual way. He notified Judge Sheehy that he did not intend to file an action in plaintiff's behalf, because he did not believe that she had a case. Judge Sheehy died on February 23, 1967. His replacement in office did not qualify until June 29, 1968.

In the meantime, the plaintiff, who was under the erroneous impression that her case had been filed, was urging her appointed attorney "to bring this suit to

---

1. Hereafter called "the Act."

2. Hereafter called "EEOC".

court." In September of 1967, the attorney suggested that she re-apply for employment with the defendant. The plaintiff complied with the suggestion, but she was again rejected for employment by defendant.

In October of 1967, the plaintiff wrote a letter to the State Bar of Texas, seeking assistance in procuring her appointed attorney to act for her. No response was made by the State Bar to her request for this assistance. The plaintiff then, by a letter dated January 29, 1968, requested advice from the EEOC as to what course she should pursue. In reply, the Acting Director of Compliance of the EEOC wrote to the plaintiff, on March 1, 1968, and informed her that the EEOC was powerless to take further action in the matter. He suggested that, if the plaintiff felt that she had not received proper consideration and representation by her attorney, she should "personally call this fact to the attention of the court." There is nothing in the record to reveal whether plaintiff made this effort.

Title 28, U.S.C. § 133, provides that there shall be two United States district judgeships in the Eastern District of Texas. However, the Honorable Joe J. Fisher was, at the time in question, the only surviving United States district judge in the district, which consists of forty-one counties, divided into six divisions. The Annual Report of the Director of the Administrative Office of the United States Courts for 1967 reveals that the Eastern District of Texas had the fourth heaviest weighted caseload per judgeship among all the United States district courts. Accordingly, it is manifest that plaintiff's opportunity to have established communication with Judge Fisher, or for Judge Fisher to have maturely considered her problem, would have been minimal at best.

On September 10, 1968, at the behest of the plaintiff, the Deputy United States District Clerk at Sherman discussed the case with the appointed attorney, who stated that he would "begin litigation on the case by the end of next week." Still beset by the lingering illness of his wife, the attorney failed to file the suit.[3]

On October 23, 1968, apparently in response to a request from the plaintiff, Lee G. Williams, Regional Director of the EEOC, spoke on the telephone with the appointed counsel. In the conversation, he learned that the attorney had not filed suit for the plaintiff. On October 30, 1968, Mr. Williams wrote to the plaintiff and suggested that she get another attorney to represent her. On December 2, 1968, Mr. Williams conversed by telephone with plaintiff's present attorney relating to the case. On January 29, 1969, the suit was finally filed.

It should be added that the author of this opinion, who succeeded Judge Sheehy in office, was wholly unaware of the situation here involved until the filing of defendant's motion to dismiss.

The motion in question contends that this court lacks jurisdiction over this case, on the ground that plaintiff did not satisfy the 30-day statute of limitations set forth in Section 706(e) of the Act. That section, in relevant part, reads as follows:

"If within thirty days after a charge is filed with the Commission * * * (except that * * * such period may be extended to not more than sixty days upon a determination by the Commission that further efforts to secure voluntary compliance are warranted), the Commission has been unable to obtain voluntary compliance with this subchapter, *the Commission shall so notify the person aggrieved and a civil action may, within thirty days thereafter, be brought against the respondent named in the charge* * * *. Upon application by the complainant and in such circumstances as the court may deem just, the court may appoint an attorney for such complainant and may authorize the

---

3. The wife of the attorney died on October 11, 1968.

commencement of the action without payment of fees, costs or security." [Italics added.]

■ Although Judge Sheehy did not appoint a lawyer to represent the plaintiff within the statutory period, no blame can be ascribed to her in this respect. It has been held that where the delay arises from the act of the court, that is, where the delay has been caused either for its convenience, or by the multiplicity or press of business, either the intricacy of the question involved, or of any other cause not attributable to the laches of the parties, the court may take retrospective action, as of the time when it should or might have been taken. Mitchell v. Overman, 103 U.S. 62, 26 L. Ed. 369 (1880). Accordingly, the order appointing the attorney will be regarded as having been timely made.

■ Suits under Title VII are not routine private litigation. On the contrary, they are laden "with heavy overtones of public interest." Jenkins v. United Gas Company, 400 F.2d 28 (C.A. 5, 1968). It is clear that, in relying upon private individuals to seek judicial enforcement of the Civil Rights Act of 1964, Congress neither intended, nor should the courts permit, an impoverished "private attorney general", Newman v. Piggie Park Enterprises, 390 U. S. 400, 88 S.Ct. 964, 19 L.Ed.2d 1263 (1968); Jenkins v. United Gas Company, supra, to be saddled with procedures which might seriously impede the vindication of the civil rights laws. The procedures of Title VII were not intended as "a stumbling block to the accomplishment of the statutory objective." Miller v. International Paper Company, 408 F. 2d 283 (C.A. 5, 1969). As said in Antonopulous v. Aerojet-General Corporation, 295 F.Supp. 1390 (E.D.Cal., 1968):

"This law is a remedial one, and the Congressional purpose would not be furthered by making plaintiffs of the kind with which we are concerned, members of the working class who are generally without substantial higher education, dot every 'i' and cross every 't' on their way to the courthouse."

Clearly, the plaintiff was not dilatory in pursuing her cause of action. She promptly met with her appointed counsel. Judge Sheehy was informed of the appointed counsel's opinion that the plaintiff did not have a case. However, before he could act, either to put the case in the hands of another attorney or deny the plaintiff any further representation, Judge Sheehy suffered his fatal illness. The appointed attorney apparently continued to feel some sense of obligation to the plaintiff. He advised with her on at least one occasion, and as late as September 10, 1968, was still promising to file the action. To this extent, the plaintiff was misled by the actions of the counsel appointed for her. Despite numerous attempts, she was unable to determine where and when her case would be heard. She then complained to the Chairman of the EEOC, and pursuant to the EEOC's advice, complained to the State Bar of Texas. When these efforts proved unproductive, she again contacted the EEOC in Washington, D.C. Subsequently, she complained to the Director of the EEOC's Regional Office in Austin, Texas. In accordance with his suggestions, she secured another attorney.

■ The claim here involved is purely equitable in nature, Culpepper v. Reynolds Metals Company, 296 F.Supp. 1232 (N.D.Ga., 1968), and must be governed by equitable considerations. When the plaintiff made application for an appointed attorney, it was manifestly an act designed to facilitate the filing of a formal complaint. It was, moreover, the sole act over which she had any effective control. Except for the untimely death of Judge Sheehy, the negative attitude of the plaintiff's appointed counsel toward her case and the tragic circumstances which affected him would undoubtedly have been taken into account by the court. In the exercise of its discretion, the court would have either designated another attorney to have represented the plaintiff or would have timely informed her that no counsel would be appointed to act for her. But

since the plaintiff was not in a position to influence or expedite the action of the court, it would be palpably unjust and inequitable to charge her with the lack of judicial supervision over the case which resulted from Judge Sheehy's death and the consequent overwhelming burden cast upon Judge Fisher. Thus, under the circumstances here shown, this court considers the application for counsel made by plaintiff to be sufficient compliance with the 30-day filing period. Cf., Witherspoon v. Mercury Freight Lines, 59 L.C. ¶ 9185, 70 LRRM 2360 (S.D.Ala., 1968). Accordingly, the defendant's motion to dismiss will be overruled.

It is so ordered.