**Walter GOODMAN, Plaintiff-Appellant,**

v.

**CITY PRODUCTS CORPORATION, BEN FRANKLIN DIVISION, Defendant-Appellee.**

**No. 19321.**

United States Court of Appeals,
Sixth Circuit.

May 14, 1970.

Louis R. Lucas, Memphis, Tenn., for plaintiff-appellant; Jack Greenberg, Norman C. Amaker, Robert Belton, Lowell Johnston, New York City, on the brief.

Richard A. Brackhahn, Memphis, Tenn., for defendant-appellee; Fowler, Brackhahn & Young, Memphis, Tenn., on the brief.

Before PHILLIPS, Chief Judge, PECK, Circuit Judge, and WILSON*, District Judge.

FRANK W. WILSON, District Judge.

This case presents an appeal from an order of the District Court dismissing a lawsuit instituted pursuant to Title VII of the Civil Rights Act of 1964 (42 U.S.C. § 2000e et seq.). The lawsuit was dismissed by the District Court upon the ground that it was not filed within the limitations period provided by statute. The issue presented upon this appeal is whether the District Court correctly construed and applied the statutory limitations period.

---

* Honorable Frank W. Wilson, United States District Judge for the Eastern District of Tennessee, sitting by designation.

The undisputed facts as presented in the record on this appeal are as follows. The appellant was formerly employed by the appellee, City Products Corporation, Ben Franklin Division, in Memphis, Tennessee. On April 12, 1967, he was discharged from this employment. Thereafter he duly filed a complaint with the Equal Employment Opportunity Commission pursuant to the Civil Rights Act of 1964, alleging racial discrimination in connection with his discharge. That Commission, finding reasonable cause to believe that a violation of the Act had occurred, attempted conciliation but was unable to effect a settlement by this means. The Equal Employment Opportunity Commission thereupon advised the appellant by letter that it had failed in its effort at conciliation and further advised the plaintiff that, pursuant to § 706(e) of the Act [42 U.S.C. § 2000e-5(e)] he had 30 days following receipt of the letter within which to institute a lawsuit in the appropriate United States District Court. This notification was received by the appellant on August 12, 1968. (Some issue was raised in the court below in regard to this date, but the correctness of the date was conceded upon appeal) This lawsuit was then filed in the District Court upon September 12, 1968, a period of 31 days after receipt by the appellant of the Commission's notice. The District Court, upon motion, dismissed the action for failure to file the same within 30 days of receipt of the Commission's notice.

The limitations period applicable to the filing of a lawsuit of this nature is governed by § 706(e) of the Act [42 U.S.C. § 2000e-5(e)], this section providing in relevant part as follows:

"* * * The Commission shall so notify the person aggrieved and a civil action may, within thirty days thereafter, be brought against the respondent named in the charge * * *"

It is the contention of the appellant that the foregoing statutory language is merely directory and not mandatory, since the permissive verb "may" rather than the mandatory verb "shall" is used. It is further contended that since the statute is remedial legislation designed to eliminate discrimination in employment, the Court should take a liberal view of jurisdictional prerequisites, including the time limitation for filing a lawsuit, and further the remedial purpose of the legislation by preserving the plaintiff's cause of action. Finally, it is contended that this Court should permit the late filing of the lawsuit under the circumstances of the case and as a matter of general equity jurisdiction. Citing cases construing time limitations applicable to the Equal Opportunity Commission in the performance of its functions as not limiting an aggrieved party in his access to the courts, Miller v. International Paper Co., 408 F.2d 283 (C.A. 5, 1969); Antonopulos v. Aerojet-General Corp., 295 F.Supp. 1390 (E.D. Cal., 1969), the appellant contends that these cases are persuasive authority in support of construing the 30 day limitation period here involved as permissive rather than mandatory. Citing a case involving a finding of extenuating circumstances tolling the statute, McQueen v. E.M.C. Plastic Co., 302 F.Supp. 881 (E.D. Tex., 1969), the appellant seeks, a similar finding in this case.

While uncertainties and ambiguities may exist in regard to other time limitations provided in the Civil Rights Act of 1964, there appears no such uncertainty or ambiguity with regard to the 30 day limitation here involved. The statute clearly provides that "* * * a civil action may, within thirty days thereafter, be brought * * *" The permissive verb "may" refers to the option of the aggrieved party to bring a lawsuit, not to a discretion in the Court to receive the case following the expiration of 30 days. A similar conclusion was reached in the case of Choate v. Caterpillar Tractor Co., 402 F.2d 357 (C.A. 7, 1968).

As regards judicial extension of the time limitation to further the remedial purpose of the legislation, it is sufficient to cite the following language from the United States Supreme Court case of Kavanagh v. Noble, 332 U.S. 535, 68 S.

**704**

Ct. 235, 92 L.Ed. 150 (1947), where, in dealing with a limitation provision in the tax law, the Court had this to say:

"Such periods are established to cut off rights, justifiable or not, that might otherwise be asserted and they must be strictly adhered to by the judiciary. Rosenman v. United States, 323 U.S. 658, 661, 65 S.Ct. 536, 89 L.Ed. 535. Remedies for resulting inequities are to be provided by Congress, not the courts."

Finally, as regards the appellant's contention that the 30 day limitation should here be extended on general equitable principles, suffice it to say that there is no allegation or showing in the record of circumstances justifying a tolling of the statute on recognized equitable principles. The rights here sought to be asserted are of a statutory nature. Compliance with the statutory requirements is a prerequisite to the institution of a civil action based on the statute. The judgment of the District Court will be affirmed.