**Decourcey PRESCOD, Plaintiff,**

v.

**LUDWIG INDUSTRIES and Piano & Musical Instrument Workers Union Local #2549, Defendants.**

### No. 70 C 2149.

United States District Court, N. D. Illinois, E. D.

March 12, 1971.

Joseph Minsky, Chicago, Ill., for plaintiff.

David B. Rothstein, of Meyers & Rothstein, Chicago, Ill., for defendant Union.

W. Melville Van Sciver, of Gradolph, Love, Rogers & Van Sciver, Chicago, Ill., for defendant Ludwig Industries.

MAROVITZ, District Judge.

### MEMORANDUM OPINION

#### Motions to Dismiss and for Summary Judgment

This is a civil rights action alleging that defendant Ludwig Industries (Ludwig) subjected plaintiff to various employment conditions and unjustly discharged him because of race and, further, that defendant Piano & Musical Instrument Workers Local #2549 (Work-

ers) failed to discharge its duty to give plaintiff adequate representation with respect to his employment grievances. See 42 U.S.C. § 2000e et seq. Workers has filed a motion to dismiss and Ludwig has filed a motion for summary judgment, both based on alleged noncompliance with the statutory filing time requirement of 42 U.S.C. § 2000e–5(e).

The history of this cause is not in dispute. On August 13, 1970, the Equal Employment Opportunity Commission sent a notification to plaintiff that he was authorized to institute a civil action in federal court with respect to his claim within thirty days of the receipt of the authorization. Plaintiff received the authorization two days later. Subsequently, on August 28, 1970, he filed a Petition for the Appointment of Counsel and Waiver of the Payment of Fees, Costs or Security, which was granted. The cause was assigned number 70 C 2149. By Minute Order dated September 15, 1970, counsel was appointed to represent petitioner and the cause was continued until October 14, 1970. The Complaint was filed on November 2, 1970.

It is on the state of this record that defendants contend that no civil action was commenced within the thirty day statutory period. The applicable limitations statute provides, in part:

" * * * the Commission shall so notify the person aggrieved that a civil action may, within thirty days thereafter, be brought against the respondent named in the charge * * *."
42 U.S.C. § 2000e–5(e).

At least two cases have found that extenuating circumstances justify a finding of compliance with the thirty day filing period even though a formal complaint was not filed within that time. Austin v. Reynolds Metals Co., 62 LC ¶ 9408 (E.D.Va.1970); McQueen v. E. M. C. Plastic Co., 302 F.Supp. 881 (E.D.Tex.1969). In the latter case, as in the instant situation, plaintiff appeared in federal court within thirty days after notification from the Commission to indicate a desire to institute a suit and to secure counsel. In neither case was counsel appointed by the court in time to file a complaint within the statutory period. In *McQueen*, suit was not actually filed for over two years after notice due to appointed counsel's negative attitude toward the cause, a personal tragedy which disrupted the attorney's entire legal practice, and the death of the judge who appointed the attorney. Here filing of a complaint within the thirty day period was rendered virtually impossible by the court which scheduled appointment of counsel for the last day of the time period. The Court in *McQueen* found that "plaintiff was not dilatory in pursuing her cause of action," that the application for counsel was "manifestly an act designed to facilitate the filing of a formal complaint," that the application was "the sole act over which she had any effective control," and that it would be unjust to "charge her with the lack of judicial supervision over the case" which result from the unusual circumstances mentioned previously. 302 F.Supp. at 884–885. To preclude plaintiff from continuing with this cause will be similarly unjust since the relevant delay was occasioned by the court.

In *Austin*, counsel was appointed and a complaint was filed after the thirty day period expired, but the Court found that under the circumstances "the dispute was fairly before (it) before the thirty day period elapsed" since plaintiffs had submitted correspondence to the Clerk of the Court with respect to their unfair employment charge within the thirty days after notice of right to sue. In doing so, the Court noted that plaintiffs have not been barred by actions of the Commission which make certain time compliances impossible, and that the letter from the Commission to plaintiffs was ambiguous in informing the allegedly aggrieved party of procedures by which a suit could be instituted. Like the Court in *Austin*, we do not believe that a party should be prejudiced and its cause dismissed if it did what it was told to do in Commission's instruction, i. e., come to the federal court for assistance

and the appointment of counsel. 62 LC at 6598.

While there are cases which rigidly hold to the thirty day limitation, e. g., Goodman v. City Products Corp., 425 F.2d 702 (6th Cir. 1970), none presents the extenuating circumstances such as found in *Austin, McQueen,* and here. Since this statute "is designed to protect those who are least able to protect themselves," Sciaraffa v. Oxford Paper Company, 310 F.Supp. 891, 898 (D.Me.1970), and since plaintiff followed the instructions in the Commission's letter and sought aid in federal court within thirty days, since further delay was occasioned by the court and beyond plaintiff's control, and since there is no indication of any prejudice to either defendant, we find that plaintiff's Complaint need not be dismissed.

Defendants' motions to dismiss and for summary judgment are denied.