**Sylvester RICE, Plaintiff,**

v.

**CHRYSLER CORPORATION, Defendant.**

**Civ. A. No. 35936.**

United States District Court,
E. D. Michigan, S. D.

May 12, 1971.

William Daniel, Daniel & Poindexter, Detroit, Mich., for plaintiff.

Walter B. Maher, Detroit, Mich., Keith A. Jenkins, Highland Park, Mich., for defendant.

Vincent A. Fuller, Jr., Stuart I. Saltman, Regional Attys., Equal Employment Opportunity Comm., Cleveland, Ohio.

## OPINION

FREEMAN, Chief Judge.

This is an action in which plaintiff, a black man, seeks injunctive relief and damages against the defendant, Chrysler Corporation, for alleged violation of his rights under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S. C. § 2000e et seq., and under the Civil Rights Act of 1866, 42 U.S.C. § 1981. Specifically, plaintiff alleges that defendant, through its general foreman and superintendent, administered its employment policies in such a manner as to discriminate against plaintiff solely on account of his race.

The chronology of events preceding the commencement of the present lawsuit do not appear to be disputed. Some time prior to instituting suit in this Court, plaintiff filed a complaint under Title VII of the Civil Rights Act of 1964 with the Equal Employment Opportunity Commission [Commission], alleging defendant had discriminated against him in its employment practices.

On November 4, 1970, plaintiff received from the Commission written notification that he had a right, within thirty days from receipt of its notification, to begin suit in a federal district court on his discrimination charge.

On November 5, 1970, the day after he received this notice, which stated, inter alia, "If you are unable to retain an attorney, the federal district court is authorized in its discretion to appoint an attorney to represent you and to authorize commencement of the suit without payment of fees, costs or security," plaintiff presented himself to the Clerk of the Federal District Court for the Eastern District of Michigan to request appointment of counsel. On November 16, 1970, plaintiff, pursuant to the Clerk's instructions, filed a formal Application for Appointment of Counsel and Authorization to Commence Suit Without Prepayment of Fees, Costs or Security, along with a supporting affidavit.

Subsequently, on November 23, 1970, Judge Talbot Smith of this Court executed an Order Appointing Counsel, designating William B. Daniel to represent the plaintiff and authorizing commencement of suit without prepayment of costs. Attorney Daniel received this order on December 2, 1970. A complaint, however, was not filed with this Court until January 14, 1971.

On the basis of this sequence of events, defendant has filed a motion to dismiss plaintiff's claim under Title VII of the Civil Rights Act of 1964 on the ground that this claim was not timely filed under the limitation period established by the Act. Defendant has also moved the Court to dismiss plaintiff's claim under 42 U.S.C. § 1981 on the ground that this section does not reach purely private racial discrimination in employment, or, in the alternative, that the enactment of Title VII of the Civil Rights Act of 1964[1] repealed whatever remedy for em-

ployment discrimination previously existing under § 1981.

I

MOTION TO DISMISS PLAINTIFF'S CLAIM UNDER TITLE VII OF THE CIVIL RIGHTS ACT OF 1964 AS UNTIMELY FILED

The limitation period applicable to the filing of a lawsuit under Title VII of the Civil Rights Act of 1964 is found in § 706(e) [42 U.S.C. § 2000e–5(e)] of that Act. This section provides, in relevant part, as follows:

"* * * the Commission shall so notify the person aggrieved and a civil action may, within thirty days thereafter, be brought against the respondent named in the charge * * *"

Defendant contends that since plaintiff did not commence his Title VII action until January 14, 1971, which was 71 days after he received notice from the Commission of his right to sue the action must be dismissed under the thirty-day limitation period contained in § 706(e). In support of its position, defendant relies on a recent decision of our Sixth Circuit Court of Appeals, affirming a trial court judge's dismissal of a Title VII suit because that suit was not filed in a federal district court until 31 days after receipt by the appellant of the Commission's Notice of Right to Sue. Goodman v. City Products Corp., 425 F.2d 702 (6th Cir., 1970). The Court, in *Goodman, supra,* specifically found that compliance with the thirty-day limitation period prescribed by § 706(e) of the 1964 Civil Rights Act "* * * is a prerequisite to the institution of a civil action based on the statute." 425 F.2d at 704.

In the *Goodman* case, however, the appellant had neither instituted suit nor initiated any other action in federal court until after the thirty-day limitation period had expired, while the pres-

1. Defendant did not raise this alternative ground for dismissing plaintiff's claim

under 42 U.S.C. § 1981 until oral arguments on its motion to dismiss.

ent plaintiff had filed an application for appointment of counsel and leave to file his action without prepayment of costs within thirty days from receipt of the Commission's notice, although his complaint was not filed until after the thirty-day period had lapsed. The Commission, in an *amicus curiae* brief, argues that this difference in facts justifies a different result than the Sixth Circuit Court of Appeals reached in *Goodman, supra,* and asks us to now rule that the filing of an application for counsel and leave to file an action without prepayment of costs within the thirty-day limitation period " * * * satisfied, the requirement that suit be commenced within the thirty days from receipt of the Notice." [Commission's Bri page 5].

Seven federal district courts have, in fact, held in recent cases that the filing of such an application in a federal court, as authorized under Title VII of the 1964 Civil Rights Act,[2] is sufficient compliance with the thirty-day requirement of § 706(e). Witherspoon v. Mercury Freight Lines, Inc., 59 CCH Lab.Cas. ¶ 9219 (S.D.Ala., 1968); Prescod v. Ludwig Industries, 325 F.Supp. 414 (N.D.Ill., March 12, 1971); Brock v. Southern Bell Telephone and Telegraph Company, C.A. No. 69–1685 (E.D.La., 1970); Shaw v. National Tank Co., C.A. No. 70–C–201 (N.D.Okl., April 12, 1971); Childress v. Plumbers, Local No. 27, C.A. No. 69–1423 (W.D.Pa., 1969); McQueen v. E. M. C. Plastic Company, 302 F.Supp. 881 (E.D.Tex., 1969); Austin v. Reynolds Metals Co., 62 CCH Lab.Cas. ¶ 9408 (E.D.Va., 1970). But three of these cases—*Witherspoon, supra, Prescod, supra,* and *McQueen, supra,* involved extraordinary circumstances which are lacking in the present case.

In *Witherspoon, supra,* the court noted that defendant's motion to dismiss plaintiff's complaint under Title VII of the Civil Rights Act would normally be granted since the complaint was not filed within the thirty-day limitation period, although plaintiff's application for counsel was so filed. Nevertheless, the court denied the motion because it had "informed the plaintiff * * * when his Petition for Appointment of Counsel was filed, that such petition would be considered by the court as sufficient to institute his cause of action. The plaintiff relied upon this statement and filed his formal complaint the next month." No similar element of reliance is involved in the present case.

Although *McQueen, supra,* and *Prescod, supra,* did not involve an element of reliance, they did entail activities by the court to which plaintiff had applied for appointment of counsel, making it impossible for plaintiff to institute suit within the thirty day limitation period. In *McQueen, supra,* plaintiff filed her application for appointment of counsel and authorization to commence suit without prepayment of costs within the thirty-day limitation period, but the court failed to appoint counsel until the thirty-day period had expired. Subsequently, appointed counsel informed the court that he would not file suit on behalf of plaintiff because he did not believe her claim was justifiable. No decision, however, was ever made by the court on whether to appoint other counsel for plaintiff or to inform plaintiff that no additional counsel would be provided because the judge to whom plaintiff's application for counsel had been assigned died. It was primarily on account of this " * * * lack of judicial supervision over the case * * * " that the Federal District Court for the Eastern District of Texas concluded:

" * * * under the circumstances here shown the court considers the Application for Counsel by plaintiff to be sufficient compliance with the 30-day filing period." 302 F.Supp. 885.

---

**2.** "Upon application by the complainant and in such circumstances as the court may deem just, the court may appoint an attorney for such complainant and may authorize the commencement of the action without the payment of fees, costs or security." § 706(e).

Similarly, in *Prescod, supra,* the court found that the "filing of a [Title VII] complaint within the thirty day period was rendered virtually impossible by the court which scheduled appointment of counsel for the last day of the time period." Hence, plaintiff's application for counsel, filed within thirty days after he received notice from the Commission of his Right to Sue, was found to be sufficient compliance with the thirty-day statute of limitations even though a formal complaint was not filed within that time since "the relevant delay was occasioned by the court."

In the present case, no delay by the court similar to that found in *McQueen, supra,* and *Prescod, supra,* interfered with the institution of plaintiff's cause of action within the thirty day limitation prescribed by § 706(e) of the 1964 Civil Rights Act. Indeed, counsel for plaintiff was appointed by a judge of this court well within the thirty-day limitation period.

■ Nevertheless, we do recognize that a person who must, because of his economic circumstances, apply to a federal court for its discretionary appointment of counsel and authorization to commence an action without prepayment of costs is effectively precluded from instituting suit until the court rules on his application. We further recognize that the more time a court takes to dispose of an application for counsel and authorization to proceed without prepayment of costs, the less time any counsel subsequently appointed, or retained, will have to draft a proper complaint on behalf of his client. Thus, unless § 706(e) is construed to require a tolling of the thirty-day limitation period while a court acts on such applications, the speed with which a court processes these applications may substantially affect the ability of an aggrieved person to assert his rights under Title VII. The court cannot believe that Congress ever intended delays attributable to the judiciary to interfere with the prosecution of Title VII actions when it adopted a thirty-day limitation period on these actions. We, instead, believe the thirty-day limitation period contained in § 706(e) should be tolled from the date on which a complainant files in federal court an application for counsel and leave to proceed without prepayment of costs, until the date on which the court either informs complainant or his counsel, if the court elects to appoint counsel, of its decision on this application.

■ In this case, plaintiff informally requested counsel be appointed by our court on November 5, 1970, which was the day after he received notice of his right to sue and, therefore, the day on which the thirty-day limitation period began to run. [Plaintiff subsequently filed a formal Application for Counsel and Leave to Commence an Action Without Prepayment of Costs on November 16, 1970.] The court appointed counsel for plaintiff and counsel was so notified on December 2, 1970. Hence, even if the thirty-day limitation period is tolled from the date on which plaintiff informally applied for counsel to the date on which counsel received notice of his appointment, the present suit had to be instituted within twenty-nine days[3] from December 2, 1970 to be timely. But plaintiff's Title VII action was not commenced until January 14, 1971, or forty-three days after counsel received notice of his appointment. Clearly, then, tolling the thirty-day limitation period in order to insure that the institution of a Title VII suit is not hampered by judicial delay in acting on an application for counsel does not avail the present plaintiff. His complaint was still not timely filed.

The Commission, however, correctly points out that four of the federal district court decisions, earlier cited, entailed facts almost identical to those

---

3. One day of the thirty-day limitation period had elapsed at the time plaintiff filed his informal application for appointment of counsel and to commence an action without prepayment of costs. Thus, when the tolling period ended on December 2, plaintiff had only 29 days left in which to institute suit.

involved here, but those decisions held that the filing of an application for counsel commences a Title VII action for the purposes of the thirty-day limitation period. Brock v. Southern Bell Telephone and Telegraph Company, *supra;* Shaw v. National Tank Co., *supra;* Childress v. Plumbers, Local No. 27, *supra;* and Austin v. Reynolds Metals Co., *supra.* If we were to adopt this position, as the Commission urges, then plaintiff's Title VII action must be viewed as timely filed and defendant's motion to dismiss denied.

◼ Nevertheless, this Court does not believe that § 706(e) of the 1964 Civil Rights Act is susceptible of such an interpretation. § 706(e), after establishing the thirty day limitation period, provides that:

> "*Upon application* by the complainant and in such circumstances as the court may deem just, the court may appoint an attorney for such complainant and *may authorize the commencement of the action* without the payment of fees, costs or security." (Emphasis added)

Under this language, the complainant's application for counsel and his commencement of an action are clearly viewed as two separate procedures.

Moreover, if Congress wished to permit certain persons, i. e., those who must request appointment of counsel, to commence a lawsuit for the purposes of its thirty-day limitation period in some manner other than the traditionally recognized filing of a formal complaint, we believe it would have done this expressly. Since § 706(e) does not state, nor even suggest that a Title VII lawsuit should be deemed commenced without the filing of a formal complaint, we will not so construe it.

◼ Finally, it is suggested that the Notice of Right to Sue Within Thirty Days which the Commission mailed to plaintiff was so misleading as to justify finding plaintiff had complied with the thirty-day limitation period at the time he filed his Application for Counsel and Leave to Commence an Action Without Prepayment of Costs. The relevant portions of that letter state:

> " * * * you are hereby notified that you may within thirty (30) days of receipt of this communication, institute a civil action in the appropriate Federal District Court.
>
> * * * * * *
>
> If you are unable to retain an attorney, the Federal District Court is authorized in its discretion to appoint an attorney to represent you and to authorize commencement of the suit without payment of fees, costs or security.
>
> If you decide to institute suit and find you need assistance, you may take this letter, along with any correspondence you have received from the Commission, to the Clerk of the Federal District Court nearest to the place where the alleged discrimination occurred, and request that a Federal District Judge appoint counsel to represent you."

Two federal district courts have, in fact, found that letters from the Commission similar to the one set forth above are ambiguous and likely to mislead the complainant into believing his Title VII action is instituted when he requests appointment of counsel from the appropriate federal court. Austin v. Reynolds Metals Co., 62 CCH Lab.Cas. ¶ 9408 (E. D.Va., 1970), Prescod v. Ludwig Industries, 325 F.Supp. 414 (N.D.Ill., March 12, 1971). Because of this supposed ambiguity in the Commission's instructions, both of these district courts ruled that it would be unjust to dismiss actions instituted outside the thirty-day period by appointed counsel, when the complainant had properly filed in federal court for the appointment of counsel within the thirty day limitation period.

We, however, do not find the Commission's Notice of Right to Sue Within Thirty Days to be so misleading as to justify ignoring the thirty-day limitation period of § 706(e). The letter plainly states that if a complainant wishes to

institute suit and finds he needs assistance in doing this, he can go to a federal district court which may appoint counsel to represent him. We do not believe this language suggests in any way that the institution of suit in federal court is synonymous with the filing of an application for appointment of counsel.

We, therefore, find that plaintiff's Title VII action was not timely commenced under § 706(e) of the Civil Rights Act of 1964. For this reason, defendant's motion to dismiss that claim is granted.

## II

### MOTION TO DISMISS PLAINTIFF'S CLAIM UNDER SECTION 1981 OF THE CIVIL RIGHTS ACT OF 1866

42 U.S.C. § 1981 provides that: "All persons within the jurisdiction of the United States shall have the same right in every state and territory to make and enforce contracts * * * as is enjoyed by white citizens * * *." Defendant maintains that plaintiff's claim for relief under 42 U.S.C. § 1981 must be dismissed because this section does not create a cause of action for private racial discrimination in employment, but, instead, requires some action by the state.

This restricted construction of § 1981, however, has recently been rejected by the Third, Fifth and Seventh Circuit Courts of Appeals in decisions holding that this section prohibits both public and private racial discrimination in employment. Young v. International Telephone & Telegraph Co., 438 F.2d 757 (3rd Cir. 1971); Boudreaux v. Baton Rouge Marine Contracting Co., 437 F.2d 1011 (5th Cir. 1971); Sanders v. Dobbs Houses, Inc., 431 F.2d 1097 (5th Cir. 1970); Waters v. Wisconsin Steel Works of International Harvester Company, 427 F.2d 476 (7th Cir. 1970). Such a conclusion would seem to be almost inescapable in light of the United States Supreme Court's decision in Jones v. Alfred H. Mayer Company, 392 U.S. 409, 88 S.Ct. 2186, 20 L.Ed.2d 1189 (1968). In *Jones, supra,* the Supreme Court construed 42

U.S.C. § 1982, which is derived from the same clause of the 1866 Civil Rights Act as § 1981, to prohibit "all racial discrimination, private as well as public, in the sale or rental of property * *." It was primarily because § 1981 and § 1982 are derived from the same section of the 1866 Act that the Third, Fifth and Seventh Circuit Courts of Appeals found the two sections should be "construed consistently, and * * * since § 1982 is enforceable against private entities, § 1981 is similarly enforceable." Sanders v. Dobbs Houses, Inc., *supra,* 431 F.2d at 1099. We agree.

Defendant also suggested on oral argument that the enactment of Title VII of the 1964 Civil Rights Act impliedly repealed any remedy for racial discrimination in employment which may have previously existed under § 1981. Again, the Courts of Appeals for the Third, Fifth and Seventh Circuits have already considered the same contention and rejected it:

"Defendants argue that Title VII was intended by Congress to eliminate racial discrimination in employment thereby automatically abolishing all rights previously existing under section 1981.

* * * * * *

Contrary to the assertions of the defendants, the legislative history of Title VII strongly demonstrates an intent to preserve previously existing causes of action. Thus Congress rejected by more than a 2-to-1 margin an amendment by Senator Tower to exclude agencies other than the EEOC from dealing with practices covered by Title VII. 110 Cong.Rec. 13650–52 (1964)" Waters v. Wisconsin Steel Works of International Harvester Co., *supra,* 427 F.2d at 484–485.

This interpretation of § 1981 finds additional support in Jones v. Alfred H. Mayer Company, *supra,* where the Supreme Court ruled that Title VIII of the Civil Rights Act of 1968 did not repeal by implication § 1982. Moreover, subsequently the Supreme Court stated in

Sullivan v. Little Hunting Park, Inc., 396 U.S. 229, 237, 90 S.Ct. 400, 405, 24 L.Ed. 2d 386 (1970):

> "We noted in Jones v. Mayer Co., that the Fair Housing Title of the Civil Rights Act of 1968, 82 Stat. 81, in no way impaired the sanction of § 1982. 392 U.S., at 413–417 [88 S.Ct. 2186]. What we said there is adequate to dispose of the suggestion that the public accommodations provision of the Civil Rights Act of 1964, 78 Stat. 243, in some way supersedes the provisions of the 1866 Act. For the hierarchy of administrative machinery provided by the 1964 Act is not at war with survival of the principles embodied in § 1982."

So, too, we believe that the equal employment provisions of Title VII of the 1964 Act do not repeal any remedies available under § 1981, which is the sister provision to § 1982.

Nevertheless, although the equal employment provisions of the 1964 Civil Rights Act do not repeal any of the remedies available under 42 U.S.C. § 1981, it is possible that exhaustion of administrative remedies for private employment discrimination provided for under the 1964 Act may be a prerequisite to suit under § 1981. In fact, the Seventh Circuit Court of Appeals in Waters v. Wisconsin Steel Works of International Harvester Company, *supra*, 427 F.2d at 487, specifically held that an aggrieved person may proceed directly under § 1981 only if " * * * he pleads a reasonable excuse for his failure to exhaust EEOC remedies." *Contra*, Young v. International Telephone & Telegraph Co., *supra*; Boudreaux v. Baton Rouge Marine Contracting Co., *supra*; Sanders v. Dobbs Houses, Inc., *supra*.

In the present case, however, the complaint alleges that plaintiff exhausted his administrative remedies before the EEOC prior to bringing suit under 42 U.S.C. § 1981, and defendant does not attack this allegation. Hence, we need not now decide whether the failure of an aggrieved party to exhaust his administrative remedies before the EEOC under Title VII of the Civil Rights Act of 1964, should have any effect on his right to proceed under § 1981.

For the above reasons, defendant's motion to dismiss plaintiff's action under 42 U.S.C. § 1981 is denied.

An appropriate order may be submitted.