Calvin H. **TOLBERT**, Plaintiff,

v.

**DANIEL CONSTRUCTION COMPANY,**
Defendant.

**Civ. A. No. 71–267.**

United States District Court,
D. South Carolina,
Greenville Division.

Sept. 9, 1971.

John B. Culbertson, Greenville, S. C., for plaintiff.

Joseph Ray Terry, Jr., Atlanta, Ga., for Equal Employment Opportunity Commission, amicus curiae.

James J. Baldwin, Greenville, S. C., for defendant.

## ORDER

BLATT, District Judge.

The plaintiff filed his original complaint on March 22, 1971, alleging that the defendant's refusal to hire him in December of 1966 was because of his race and was, therefore, a violation of Title VII of the Civil Rights Act of 1964 [42 U.S.C. § 2000e et seq.]. The defendant filed a timely motion to dismiss, and the plaintiff then filed an amended complaint. His amended complaint alleges (1) a cause of action under the Civil Rights Act of 1866 [42 U.S.C. § 1981] as well as under Title VII of the 1964 Civil Rights Act, (2) that the suit is brought as a class action " * * * on behalf of all present and potential black employees and applicants for employment at defendant [sic] job sites throughout the United States,"[1] (3) that the defendant not only refused to hire him but also that the defendant later hired him and then fired him because of his race, and (4) that the defendant discriminated against him and the class he claims to represent in initial hiring assignments, promotions and terms and conditions of employment.

The defendant responded to the amended complaint by filing an amended motion to dismiss. This motion came on for hearing on September 1, 1971.

In its motion, the defendant contended that (1) the plaintiff's cause of action under Title VII should be dismissed because it had not been timely filed, (2) the plaintiff's cause of action under 42 U.S.C. § 1981 should also be dismissed, (3) the action should not be allowed to proceed as a class action because the plaintiff fails to meet the prerequisites of Rule 23 of the Federal Rules of Civil Procedure, and (4) that certain allegations, primarily the one concerning the plaintiff's alleged discharge by the defendant, should be stricken from the complaint. On these points the court heard lengthy oral argument from counsel for the plaintiff and counsel for the defendant, as well as from an attorney from the Equal Employment Opportunity Commission, which had been granted leave to participate as *amicus curiae*. The points raised by the defendant's amended motion will be discussed in the order in which they are listed above.

I. *The Title VII Claim.* The Plaintiff filed a charge of discrimination with the EEOC, dated January 17, 1967, in which he complained that the defendant had refused to hire him, in December, 1966, because of his race. By letter dated November 16, 1967, the plaintiff was notified of his "right to sue", within thirty days, on the basis of the EEOC's failure to achieve voluntary compliance with the defendant concerning the charge. The plaintiff then requested that counsel be appointed to represent him in the matter, and the court issued an order appointing counsel on December 11, 1967. This action was not commenced, however, until March 22, 1971, when the plaintiff filed his original complaint.

In its brief the EEOC cited numerous cases to support its argument that a Title VII plaintiff, who has requested appointed counsel within the thirty-day statutory limitations period,[2] has complied with that statute of limitations, even if the suit itself was not formally initiated until after the thirty-day period had expired. In none of the cases cited, however, have those plaintiffs delayed the filing of suit for as much as three years and four months, as is the

---

1. Paragraph IV of the amended complaint.

2. Title VII provides in Section 706(e) that:
   "If * * * the Commission has been unable to obtain voluntary compliance * * * [it] shall so notify the person aggrieved and a civil action may, *within thirty days thereafter*, be brought * * *." 42 U.S.C. § 2000e–5(e) (emphasis supplied).

situation in this case.[3] In Prescod v. Ludwig Industries, 325 F.Supp. 414 (N.D.Ill.1971) for example, the complaint was filed approximately a month and a half after the thirty-day period had expired. In another case, similar to the case at bar, the plaintiff, after requesting appointed counsel within the thirty-day statutory period, did not file his complaint until a reasonably short period[4] after the thirty-day period had expired. Reyes v. Missouri-Kansas-Texas R.R. Co., 53 F.R.D.2d 293 (D.C.Kan. 1971). There the court held that the filing of a complaint "within a reasonable time" after appointed counsel was requested by the plaintiff, constitutes substantial compliance with Title VII.

■ In this case, the plaintiff did not file his complaint until about three years and four months after he had requested appointed counsel. Such a long delay does not appear reasonable under the circumstances. Therefore, the plaintiff has failed to comply with the statutory limitation period under Title VII. For this reason, the defendant's motion to dismiss the plaintiff's claim under Title VII will be granted.

II. *The Claim Under 42 U.S.C. § 1981.* The plaintiff amended his original complaint to, among other things, allege a cause of action under the Civil Rights Act of 1866 [42 U.S.C. § 1981].[5] This old Act contains no procedural requirements whatever for bringing suit under it. Thus, the plaintiff contends that, whatever are his procedural failures under Title VII, he may still maintain a cause of action under § 1981. The defendant contends that a plaintiff, suing for alleged private employment discrimination, cannot resort to § 1981 after he finds that his procedural omissions are fatal to his Title VII claim, unless he can establish a "reasonable excuse" for his failures under Title VII.

■ Apparently, three Circuits have considered the availability of 42 U.S.C. § 1981 to a person alleging private employment racial discrimination. Two of those Circuits would allow such a plaintiff unconditional access to § 1981. Young v. International Tel. & Tel. Co., 438 F.2d 757 (3d Cir.1971); Caldwell v. National Brewing Co., 443 F.2d 1044 (5th Cir. 1971). The Seventh Circuit, however, has determined that federal courts do not have subject matter jurisdiction over plaintiffs alleging private employment racial discrimination under § 1981 unless such plaintiffs allege and prove that they have a "reasonable excuse" for failing to comply with the jurisdictional prerequisites under Title VII. Waters v. Wisconsin Steel Works, 427 F.2d 476 (7th Cir.1970). This court, on the basis of the authority cited above, holds that § 1981 creates for the plaintiff a separate and independent cause of action, which is, without doubt, available to him since he has established a "reasonable excuse" for his failure to comply with the jurisdictional prerequisites under Title VII. Here the plaintiff himself was not responsible for the long delay in the filing of this action. The defendant's motion to dismiss the plaintiff's

3. In McQueen v. E.M.C. Plastic Co., 302 F.Supp. 881 (E.D.Tex.1969), relied on heavily by the EEOC, the delay was approximately two and one-half years, and involved there was the death of the judge who had appointed the attorney. In most of the other cases cited by the EEOC, the delay was for only a period of a few months. See, *e. g.*, Prescod v. Ludwig Industries, 325 F.Supp. 414 (N.D.Ill. 1971).

4. It is not clear from the decision exactly when the complaint was filed. However, the plaintiff received his notice of right to sue within thirty days on March 30, 1970, and the Court issued its Order on January 13, 1971. This would mean, of course, that the plaintiff had to have filed his complaint at least within about eight and one-half months after the thirty-day statutory period expired at the end of April, 1970.

5. This section reads, in pertinent part that: "All persons within the jurisdiction of the United States shall have the same right * * * to make and enforce contracts * * * as is enjoyed by white citizens * * *."

claim under 42 U.S.C. § 1981 is, therefore, denied.

III. *The Class Action Allegation.* In the amended complaint, the plaintiff alleges that he is suing " * * * on behalf of all present and potential black employees and applicants for employment at defendant [sic] job sites throughout the United States." [6] The defendant contends that the class action allegation should be stricken because the plaintiff fails to meet the prerequisites under Rule 23 of the Federal Rules of Civil Procedure.

According to the plaintiff's deposition, he has worked for the defendant only in its brick mason crews. Moreover, his last contact with the defendant was approximately three years ago, in November, 1968, when he worked for only one week. Under such circumstances, it appears that the plaintiff is not in a position to fairly and adequately protect the interests of the class, as required by Rule 23(a) (4) of the Federal Rules of Civil Procedure.

In 1970, a court in this district ruled on a class question very similar to this one. Brewster v. Winn-Dixie Stores, Inc., Civil Action 70–296 (Order filed September 11, 1970). There the plaintiff, who had been discharged nearly three years prior to the time he brought suit under Title VII, claimed to represent a class composed of the defendant's current and future employees. The court dismissed the class action allegation of the complaint finding that the plaintiff could not fairly and adequately represent the class.

In another case similar to the one at bar, a Connecticut District Court was faced with a situation where a Title VII plaintiff, bringing a class action, had not been employed by the defendant since his voluntary resignation a year and a half before he filed suit. Hyatt v. United Aircraft Corp., 50 F.R.D. 242 (D.C.Conn.1970). The court found that the plaintiff could not fairly and adequately protect the interests of the class he purportedly represented, which included Negroes presently employed, those who had been employed after his resignation and those to have been employed in the future. The court stated that:

"Having had no contact with defendant for more than two years, [plaintiff] has no personal knowledge of defendant's policies during that period or at the present time. In short, whatever might be his capacity to represent Negroes, employed prior to his resignation, he certainly cannot be said to be in a position fairly and adequately to protect the interests of the *entire* class he purports to represent." See also, Burney v. North American Rockwell Corp., 302 F.Supp. 86 (C.D. Calif.1969).

█ In order for an action to proceed as a class action, it must meet all of the requirements of subdivision (a) of Rule 23 of the Federal Rules of Civil Procedure. In view of the foregoing, it appears that this action fails to meet the fourth requirement of Rule 23(a) that the representative party " * * * will fairly and adequately protect the interests of the class." For this reason, the defendant's motion to dismiss the class action allegation will be treated as a motion to strike and will be granted.

IV. *The Discharge Allegation.* The plaintiff's amended complaint contains an allegation that the defendant, after it refused to hire the plaintiff, later employed him and then discharged him because of his race. The defendant moves to strike this allegation on the ground that it exceeds the scope of the EEOC charge of discrimination, upon which the complaint is based. In view of the court's dismissal of the plaintiff's claim under Title VII of the 1964 Civil Rights Act and refusal to dismiss his claim under 42 U.S.C. § 1981, the complaint is no longer based on Title VII and the under-

---

6. Paragraph IV of the amended complaint.

lying EEOC charge. Moreover, there is nothing in § 1981 which would similarly restrict the scope of a complaint filed under that Act. For this reason, the defendant's motion to strike the plaintiff's discharge allegation is denied.

ORDERED that:

(1) The defendant's motion to dismiss the plaintiff's cause of action under Title VII of the 1964 Civil Rights Act is granted.

(2) The defendant's motion to dismiss the plaintiff's cause of action under 42 U.S.C. § 1981 is denied.

(3) The defendant's motion to dismiss the plaintiff's class action allegation is treated as a motion to strike and is granted.

(4) The defendant's motion to strike the plaintiff's discharge allegation is denied.