Shiva SHARMA, Plaintiff,

v.

OPPORTUNITIES INDUSTRIALIZATION CENTER OF GREATER MILWAUKEE, Defendant.

No. 71–C–660.

United States District Court,
E. D. Wisconsin.

April 19, 1972.

Milwaukee Legal Services by James R. Scott, Milwaukee, Wis., for plaintiff.

Clarence R. Parrish, Milwaukee, Wis., for defendant.

## DECISION and ORDER

MYRON L. GORDON, District Judge.

The plaintiff seeks damages which he alleges resulted from his wrongful discharge from the defendant's employ; his discharge, the plaintiff asserts, was "solely because of . . . color, race, and national origin." This action is brought pursuant to 42 U.S.C. § 1981, and this court's jurisdiction is predicated upon the provisions of 28 U.S.C. § 1343(4). The defendant has moved to dismiss on the basis that this court lacks jurisdiction to hear the plaintiff's claim.

In paragraph VI of the complaint, the plaintiff alleges that he "inadvertently waived his rights to pursue remedies created by [Title VII of] the Civil Rights Act of 1964, 42 U.S.C. [§ 2000e] et seq." because he was without counsel and was not aware of the Equal Employment Opportunity Commission until after the expiration of the period within which he could file a complaint with that body. The defendant argues that the filing of a charge of discrimination with the EEOC is a condition precedent to the commencement of a civil action under Title VII; since no charge was filed within the period set forth in § 2000e—5(d), the defendant contends that the plaintiff is barred from bringing an action in this court.

The issue presented for this court's determination is whether the plaintiff's failure to comply with the strictures of § 2000e—5(d) precludes the maintenance of an action under § 1981. In Waters v. Wisconsin Steel Works, 427 F.2d 476, 485 (7th Cir. 1970), cert. denied sub nom. United Order of American Bricklayers v. Waters, 400 U.S. 911, 91 S.Ct. 137, 27 L.Ed.2d 151 (1970), the court stated:

"Other courts which have considered the question have also held that the 'charged party' language of section 706(e) [42 U.S.C. § 2000e] prohibits Title VII suits in the district court against persons not previously charged before the EEOC. Miller v. International Paper Co., 408 F.2d 283 (5th Cir. 1969); Mickel v. South Carolina Employment Service, 377 F.2d 239 (4th Cir.), cert. denied, 389 U.S. 877, 88 S.Ct. 177, 19 L.Ed.2d 166 (1967); Butler v. Local No. 4 & Local No. 269, Laborers' International Union, 308 F.Supp. 528 (N.D.Ill.1969); Cox v. United States Gypsum Co., 284 F.Supp. 74 (N.D.Ind.1968), modified, 409 F.2d 289 (7th Cir. 1969); Sokolowski v. Swift & Co., 286 F.Supp. 775 (D.Minn.1968); Mondy v. Crown Zellerbach Corp., 271 F.Supp. 258 (E.D. La.1967); Moody v. Albemarle Paper Co., 271 F.Supp. 27 (E.D.N.C.1967). Since these courts were not presented with arguments concerning the existence of a right to sue under section 1981, the cases cited were properly decided. *They do not hold, however, that failure to charge a party before the EEOC precludes suit under section 1981. We hold such suits can be reconciled with section 706(e) and continue to exist in a limited class of cases.*" (Emphasis added.)

See also Caldwell v. National Brewing Co., 443 F.2d 1044, 1046 (5th Cir.

1971); Linscott v. Millers Falls Co., 440 F.2d 14, 18 n.4 (1st Cir. 1971), cert. denied 404 U.S. 872, 92 S.Ct. 77, 30 L.Ed. 2d 116 (1971); Young v. International Tel. & Tel. Co., 438 F.2d 757, 762 (3d Cir. 1971); Rice v. Chrysler Corp., 327 F.Supp. 80, 87 (E.D.Mich.1971); cf. Rios v. Enterprise Ass'n Steamfitters, 326 F.Supp. 198, 203 (S.D.N.Y.1971); Hamilton v. American Motors Corp., (E.D.Wis., Case No. 69–C–308 decided September 17, 1971).

The qualification in *Waters* that only in "a limited class of cases" can a plaintiff proceed under § 1981 in lieu of his Title VII remedies as amplified by the court's statement that (427 F.2d at 487):

> "Because of the strong emphasis which Congress placed upon conciliation, we do not think that aggrieved persons should be allowed intentionally to by-pass the Commission without good reason. We hold, therefore, that an aggrieved person may sue directly under section 1981 if he pleads a reasonable excuse for his failure to exhaust EEOC remedies."

It thus is necessary to determine whether the plaintiff in the case at bar has pleaded a "reasonable excuse" for his failure to comply with the requirements of § 2000e—5(d).

In an affidavit which accompanied his brief in opposition to the defendant's motion to dismiss, the plaintiff avers that shortly before his discharge by the defendant on October 15, 1970, he filed a charge of discrimination with the Equal Rights Division of the Wisconsin Department of Industry, Labor and Human Relations. The plaintiff also asserts that he was not represented by counsel until June 16, 1971; at that time, he declares, he first learned of the existence of the EEOC and of the procedure provided by Title VII for the redress of unlawful employment practices. Section 2000e—5(d) provides that an aggrieved party has 210 days after the occurrence of an unlawful employment practice to file a charge with the EEOC; in the case at bar, the 210-day period expired on May 13, 1971.

In my opinion, the plaintiff has pleaded a reasonable excuse for his failure to file a timely complaint with the EEOC. The plaintiff is a non-lawyer, a native of India, and a permanent resident alien, and it is reasonable to assume that he was unaware of the Title VII procedures by which he could obtain relief. Perhaps more significant, however, is the fact that the plaintiff filed a charge of discrimination with a state agency and presumably declined to take further action so long as success was possible through the agency's efforts. The state employee to whom the plaintiff's complaint was referred states in an affidavit that continuing efforts to resolve the plaintiff's grievance have been unavailing; he also states that at no time did he discuss with the plaintiff the filing of a charge of discrimination with the EEOC. Finally, the filing of the charge with the state agency gave the defendant prompt notice of the plaintiff's grievance, and it thus does not appear that substantial prejudice to the defendant will result from the much later assertion of the plaintiff's claim in this court. Cf. Waters v. Wisconsin Steel Works, supra, at 487.

Therefore, it is ordered that the defendant's motion to dismiss be and hereby is denied.