**Ethel MC CRARY et al., Plaintiffs,**

v.

**METROPOLITAN LIFE INSURANCE COMPANY, Defendant.**

Civ. A. No. 75–1105–T.

United States District Court,
D. Massachusetts.

Feb. 18, 1976.

Robert J. Pleshaw, Boston, Mass., for plaintiffs.

Joseph F. Ryan, Lyne, Woodworth & Evarts, Boston, Mass., for defendant.

## OPINION

TAURO, District Judge.

This is an action brought under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.*, by a former black, female employee of the Metropolitan Life Insurance Company. The plaintiff alleges that she was passed over for promotion and denied timely pay increases by the defendant because of her race. She also alleges, on behalf of a class of black women who are, have been or might have been employed by the defendant, that the defendant has engaged in a policy of employment discrimination against black females. The defendant now moves to dismiss, claiming that the action has not been brought within the time limits prescribed by Title VII.

Plaintiff's charges of employment discrimination were filed with the Equal Employment Opportunity Commission (E.E.O.C.) on June 8, 1971. After initially deferring to the Massachusetts Commission Against Discrimination, the E.E.O.C. conducted a lengthy investigation of the matter. On June 19, 1974 the E.E.O.C. determined that there was reasonable cause to believe that the defendant had discriminated against the plaintiff in its promotional policies. Following unsuccessful conciliation efforts, the E.E.O.C. issued to the plaintiff a "Notice of Right to Sue" on August 22, 1974. This action was filed on March 21, 1975, over 210 days later.

Title VII as originally enacted, and recently amended, provides for a comprehensive legislative program to combat discrimination in employment. It establishes a federal agency, one of whose primary functions is to resolve complaints of employment discrimination and, on certain occasions, to bring offending employers to court. Title VII supplements the agency's powers with a system of private civil remedies for individuals who claim to have been aggrieved by discriminatory employment practices.

A key feature of the statute, however, is the careful coordination it provides between the role of the agency and the role of "private attorneys general." No individual may bring a Title VII action without first bringing his complaint to the attention of the E.E.O.C. within 180 or 300 days after the violation occurs. 42 U.S.C. § 2000e–5(e). The agency is then required to use its good offices to attempt to settle the dispute. If conciliation proves unsuccessful, the agency then has the option of bringing its own civil action. When the agency declines to bring suit on its own, the aggrieved party has ninety days from the time the E.E.O.C. gives notice of its decision to bring a private action. 42 U.S.C. § 2000e–5(f)(1).

The ninety day requirement is not only a key thread in this carefully woven scheme, it represents a limitation on a court's power to hear a Title VII action.

It is manifest from the very language of the statute that a jurisdictional precondition to maintaining a private Title VII suit is that it be commenced within 90 days after the aggrieved party receives the required notification. The courts have so held in a number of cases involving the effect of an alleged failure to commence the action within the 30 day period specified by the statute prior to its 1972 amendment.

*Whitefield v. Certain-Teed Products Corp.*, 389 F.Supp. 274, 276 (E.Mo.1974). *Accord, DeMatteis v. Eastman Kodak Co.*, 511 F.2d 306 (2d Cir. 1975); *Wong v. Bon Marche*, 508 F.2d 1249 (9th Cir. 1975); *Cleveland v. Douglas Aircraft Co.*, 509 F.2d 1027 (9th Cir. 1975); *Genovese v. Shell Oil Co.*, 488 F.2d 84 (5th Cir. 1973); *Archuleta v. Duffy's, Inc.*, 471 F.2d 33 (10th Cir. 1973); *Goodman v. City Products Corp.*, 425 F.2d 702 (6th Cir. 1970).

■ The plaintiff would have this court toll the time limits set out in Title VII on equitable grounds because the delay in filing the action was allegedly due in large part to the E.E.O.C. The plaintiff alleges that between the time she received the right to sue letter and the filing of her complaint, she had corresponded with the E.E.O.C. on several occasions in an attempt to seek the Commission's assistance in obtaining a lawyer, only to have those requests lost or misplaced. Assuming the truth of those allegations, they are unavailing here.

■ The ninety day rule is not a traditional statute of limitations, but represents a jurisdictional condition precedent to the plaintiff's right to bring an action. Moreover, the cases cited by the plaintiff in which courts have expressed a willingness to hear a complaint filed after the time limit of the statute had expired have generally involved delay, caused at least partially, by oversights in judicial administration, *Rice v. Chrysler Corp.*, 327 F.Supp. 80 (E.D.Mich.1971); *McQueen v. E.M.C. Plastic Co.*, 302 F. Supp. 881 (E.D.Tex.1969), or plaintiffs who had brought the matter to the court's attention before the applicable time period had run. *Harris v. Walgreen's Distribution Center*, 456 F.2d 588 (6th Cir. 1972); *Harris v. National Tea Company*, 454 F.2d 307 (7th Cir. 1971); *Sanchez v. Standard Brands, Inc.*, 431 F.2d 455 (5th Cir. 1970); *Austin v. Reynolds Metal Co.*, 327 F.Supp. 1145 (E.D.Va.1970). See *Goodman v. City Products Corp.*, 425 F.2d 702 (6th Cir. 1970). None of these situations exist here.*

---

* Several of the cases cited by the plaintiff involved a scenario which seemed to have been common prior to 1972. At that time a potential plaintiff had thirty days from the time he received his "Right to Sue" letter from the E.E.O.C. to bring an action in federal court. When that person was able to obtain appointed counsel pursuant to 42 U.S.C. § 2000e–5(f)(1) the time needed to appoint counsel and have counsel evaluate the case and file a complaint would be considerably longer than thirty days. See, e. g., *McQueen v. E.M.C. Plastic Co.*, 302 F.Supp. 881 (E.D. Tex.1969).

That particular problem seems to have been solved, or at least alleviated, by the passage of P.L. 92–261 which extended the applicable time period to ninety days.

Accordingly, treating defendant's motion to dismiss as a motion for summary judgment, it is allowed.